UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*FILED*

*CG JUL 29 PM 3: 48*

*CLERK ... U S DISTRICT COURT*

MARIA COZZI,

E-filing

No. **C 08-03633 PJH**

Plaintiff (s),

v.

MARIN COUNTY OF,
Defendant(s).

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Phyllis J. Hamilton. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order  and all other documents specified in Civil Local Rule 4-2.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|------|-------|----------------|
| 7/29/2008 | Complaint filed | |
| 10/16/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 10/30/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 11/6/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 3 17th Flr at 2:30 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

1      UNITED STATES DISTRICT COURT

2      NORTHERN DISTRICT OF CALIFORNIA

3

4

5

6          Plaintiff(s),                    No. C        PJH

7      v.                                   **ORDER REQUIRING JOINT CASE**
                                            **MANAGEMENT STATEMENT AND**
8                                           **APPEARANCE AT CASE MANAGEMENT**
                                            **CONFERENCE**
9          Defendant(s).
                                          /
10

11          IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16(b) and Civil L. R. 16-

12     10, a Case Management Conference will be held in this case before the Honorable Phyllis

13     J. Hamilton on _____, at 2:30 p.m., in Courtroom 3, 17th Floor, Federal
       Building, 450 Golden Gate Avenue, San Francisco, California.

14

15          Plaintiff(s) shall serve copies of this Order immediately on all parties to this action,

16     and on any parties subsequently joined, in accordance with Fed. R. Civ. P. 4 and 5.
       Following service, plaintiff(s) shall file a certificate of service with the Clerk of the Court.

17

18          Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case

19     Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c).
       **Not less than seven (7) calendar days** before the conference, counsel shall file a joint
20     case management statement addressing each of the items listed in the "Standing Order
21     For All Judges Of the Northern District -- Contents of Joint Case Management Statement,"
       which is attached to this order and can also be found on the court's website. A proposed
22     order is not necessary. Following the conference, the court will enter its own Case
23     Management and Pretrial Order. If any party is proceeding without counsel, separate
24     statements may be filed by each party.

25          Each party shall appear personally or by counsel prepared to address all of the

26     matters referred to in this Order and with authority to enter stipulations and make
27     admissions pursuant to this Order. Any request to reschedule the date of the conference
       shall be made in writing, and by stipulation if possible, at least ten (10) calendar days
28     before the date of the conference and must be based upon good cause.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9.  The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    Jurisdiction and Service:  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    Motions: All prior and pending motions, their current status, and any anticipated motions.

5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

For the Northern District of California

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.    Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated.  In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.     <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

     IT IS SO ORDERED.

Dated: _____

_____
PHYLLIS J. HAMILTON
United States District Judge

°s JS 44  (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MAINSTREAM MEDIA EC, a Bahrain (Non-Resident) Exempt Closed Joint Stock Company

## DEFENDANTS

PETER RIVEN; ALEXANDER HYDES; DYNADOT LLC; ESCROW.COM, INC.; FM.NET; DOES 1-10

**(b)** County of Residence of First Listed Plaintiff  Bahrain
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Karl S. Kronenberger
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108        (415) 955-1155

Attorneys (If Known)

C8 -3623 PJH

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government
Plaintiff
- [X] 3  Federal Question
(U.S. Government Not a Party)
- [ ] 2  U.S. Government
Defendant
- [ ] 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury -- | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury -- | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | [ ] 861 HIA (1395ff) | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise | | **PRISONER** | [ ] 730 Labor/Mgmt.Reporting | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | & Disclosure Act | | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | Security Act | or Defendant) | Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party | [ ] 900Appeal of Fee |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Determination |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | Under Equal Access |
| | [ ] 446 Amer. w/Disabilities - | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - | | to Justice |
| | Other | | Alien Detainee | | [ ] 950 Constitutionality of |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original
Proceeding
- [ ] 2  Removed from
State Court
- [ ] 3  Remanded from
Appellate Court
- [ ] 4  Reinstated or
Reopened
- [ ] 5  Transferred from
another district
(specify)
- [ ] 6  Multidistrict
Litigation
- [ ] 7  Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 1030 et seq
Brief description of cause:
Computer Fraud and Abuse

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND        [ ] SAN JOSE

DATE
July 29, 2008

SIGNATURE OF ATTORNEY OF RECORD

Case 3:08-cv-03623-PJH    Document 1    Filed 07/29/2008    Page 8 of 19



FILED

**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiffs
MAINSTREAM MEDIA, EC,
a Bahrain (Non-Resident) Exempt Closed Joint Stock Company

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**PJH**

CV 08 3623

**MAINSTREAM MEDIA, EC**, a Bahrain (Non-Resident) Exempt Closed Joint Stock Company,

Plaintiffs,

vs.

**PETER RIVEN**, an individual;
**ALEXANDER HYDES,** an individual;
**DYNADOT LLC**, a California corporation;
**ESCROW.COM, INC.**, a California corporation;
**FM.NET**, an Internet Domain name; and
**DOES 1- 10**,

Defendants.

Case No.

**PLAINTIFF MAINSTREAM MEDIA, EC'S COMPLAINT FOR:**

**(1) Violation of the Federal Computer Fraud and Abuse Act;**
**(2) Action to Quiet Title;**
**(3) Conversion;**
**(4) Civil Violation of California Penal Code Section 496;**
**(5) Identity Theft;**
**(6) Negligence;**
**(7) Computer Fraud Under California Penal Code Section 502(c)**
**(8) Trespass to Chattels; and**
**(9) Unfair Competition**

**AND**

**DEMAND FOR JURY TRIAL**

**BY FAX**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No.                                    COMPLAINT OF MAINSTREAM MEDIA, EC

1    Plaintiff MAINSTREAM MEDIA, EC ("Mainstream" or "Plaintiff"), a Bahrain (Non-

2   Resident) Exempt Closed Joint Stock Company, brings this Complaint against

3   Defendants PETER RIVEN ("Riven"), an individual allegedly residing in Brisbane,

4   Australia, ALEXANDER HYDES ("Hydes"), an individual allegedly residing in London,

5   United Kingdom, DYNADOT LLC ("Dynadot"), a California LLC with its principal place of

6   business in San Mateo, California, ESCROW.COM, INC. ("Escrow.com"), a California

7   corporation with its principal place of business in Irvine, California, FM.NET, an Internet

8   domain name located in this District (the "DOMAIN"), and DOES 1 – 10 (collectively,

9   "Defendants") and alleges as follows:

10    **DEFENDANTS' THEFT OF THE DOMAIN**

11    1.    This is an action for the recovery of a stolen DOMAIN, valued at well over

12   $100,000.    The Australian police have convicted an individual in connection with the

13   theft of the DOMAIN.

14    2.    Plaintiff is an online news service consisting of a network of several

15   hundred stand-alone news sites. It also provides website development and maintenance

16   services.

17    3.    Plaintiff is the rightful owner of the DOMAIN. Up until Defendants stole the

18   DOMAIN, Plaintiff used the DOMAIN to point to the domain name server (DNS) for

19   approximately one thousand (1000) of Plaintiff's websites.    Additionally, all Plaintiff's

20   domain names and websites that are used for administrative purposes utilized the

21   DOMAIN as a DNS, and such utilization of the DOMAIN was essential to the Plaintiff's

22   business operations. The DOMAIN was registered with the domain name registrar, Bulk

23   Register.com, and the DOMAIN is an integral and valuable component of Plaintiff's

24   business.

25    4.    In or around July, 2006, without Plaintiff's knowledge, Defendants hacked

26   into Plaintiff's computer system in order to unlawfully transfer the DOMAIN to Defendant

27   Riven. As part of this unlawful transfer, Defendants registered the DOMAIN with the

28   domain registrar, Dynadot.   Riven entered into a contract with Dynadot, a California

Case No.                                    1          **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   corporation. Upon information and belief, that contract has a forum selection clause in
2   this District.

3        5.      In or around August, 2006, employing the services of Defendant
4   Escrow.com, Riven transferred the DOMAIN to Defendant Hydes for an unreasonably
5   low sale price, well below fair market value. The DOMAIN's registration remains with
6   Dynadot. Upon information and belief, Hydes entered into a contract with Dynadot which
7   has a forum selection clause in this District.

8        6.      Prior to initiating this lawsuit, Plaintiff attempted to regain its DOMAIN
9   without litigation. For example, it promptly and timely contacted Escrow.com to demand
10  that it put a stop on the payment from Hydes to Riven. It likewise promptly and timely
11  contacted Dynadot to, at the very least, lock the DOMAIN, and prevent its transfer. These
12  attempts were unavailing.

13       7.      Additionally, Plaintiff promptly alerted the New South Wales, Australia
14  police, regarding the unlawful transfer and theft. Accordingly, upon information and
15  belief, this matter was investigated by their Fraud Department, and an individual has
16  been convicted.

17       8.      Plaintiff now brings this civil action, to recover its rightful property, and to
18  collect damages from Defendants who have unlawfully taken and withheld the property
19  from Plaintiff.

20       9.      This Complaint shall be amended to substitute names of individuals or
21  business entities for "Does" in due course, upon the identification of additional
22  defendants through discovery.

23       10.     Whenever in this Complaint reference is made to the acts of Riven, Hydes,
24  Dynadot, Escrow.Com, the DOMAIN, or Does 1-10, that allegation shall refer collectively
25  to all Defendants who, upon information and belief, are co-conspirators and/or are
26  engaged in an express or implied principal/agent relationship whereby individual
27  defendants operated under actual or ostensible authority to perform the acts so alleged,
28  and/or whereby individual defendants authorized, aided, abetted, furnished the means to,

Case No.                                          2          **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1  advised, or encouraged the acts of the other individual defendants.

2  **JURISDICTION AND VENUE**

3  11.     Original federal question subject matter jurisdiction is conferred upon this
4  Court by the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*.  Diversity
5  jurisdiction is also conferred upon this Court vis-à-vis Defendants Escrow.com and
6  Dynadot pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds
7  $75,000 exclusive of interest and costs, and because the action is between a citizen of a
8  foreign state and citizens of a State.

9  12.     Supplemental jurisdiction over claims arising under the law of the State of
10  California is conferred upon this Court under 28 U.S.C. §1367.

11  13.     Plaintiff is a Non-Resident Bahrain Exempt Closed Joint Stock Company.

12  14.     This Court has personal jurisdiction over Riven and Hydes because they
13  have purposefully availed themselves of the privilege of conducting activities in this
14  forum, and Plaintiff's claims are directly related to and/or arise out of their forum related
15  activities.  Specifically, and without limitation, Riven and Hydes, upon information and
16  belief, have entered into contracts with a California entity which has a forum-selection
17  clause in this State.  Morever, Riven and Hydes purport to hold, or have held, property in
18  this State, and Plaintiff's claims arise directly out of such contacts.

19  15.     This Court has personal jurisdiction over Dynadot and Escrow.com as they
20  are both California corporations, incorporated and transacting business in this State.

21  16.     This action is also an *in rem* matter pursuant to Cal. Code of Civil
22  Procedure § 760.010 *et seq.*.  The Court accordingly has *in rem* personal jurisdiction
23  over the DOMAIN as it is located in this State, as the Domain Name Registry, VeriSign,
24  Inc. for all ".net" domains is located in this State.  *See Office Depot, Inc. v. Zuccarini,*
25  Case No. 06-80356, slip. op., 2007 WL 2688460, \*4 (N.D. Cal. Sept. 10, 2007).

26  17.     Venue is proper in the Northern District of California pursuant to 28 U.S.C
27  §1391(b)(2) because this action is not founded solely on diversity, a substantial part of
28  the events or omissions giving rise to the claim occurred here, and a substantial part of

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

Case No.                                              3        **COMPLAINT OF MAINSTREAM MEDIA, EC**

1   property that is the subject of the action, i.e., the DOMAIN, is situated in this District. *See*

2   *also*, Cal. Code of Civ. Proc. § 760.050(b). Venue is further proper in the Northern

3   District of California pursuant to 28 U.S.C §1391(b)(3) because this action is not founded

4   solely on diversity, all Defendants can be found in this District, and presently there is no

5   other District where this action may be brought.

6                           **INTRADISTRICT ASSIGNMENT**

7       18.    For the purposes of Local Rule 3-2(c), this action arises in San Francisco

8   County, as the property at issue, the DOMAIN, resides here. *See Office Depot, Inc. v.*

9   *Zuccarini,* Case No. 06-80356, slip. op., 2007 WL 2688460, *4 (N.D. Cal. Sept. 10,

10  2007).

11                              **FIRST CLAIM**

12          *Violation of The Computer Fraud and Abuse Act, 18 USC §1030*

13                     **(As to Riven, Hydes, and Does 1-10)**

14      19.    Plaintiff repeats, realleges, and incorporates each and every allegation set

15  forth in paragraphs 1 through 18 of this Complaint.

16      20.    Defendants have stolen Plaintiff's DOMAIN, through the inappropriate and

17  intentional access of Plaintiff's web server.

18      21.    Plaintiff's web server is used in interstate commerce and/or interstate

19  communication and constitutes a protected computer under 18 U.S.C. §1030.

20      22.    Defendants have intentionally accessed Plaintiff's protected computer

21  without authorization, or in excess of the scope of authorized access, and by doing so

22  and through interstate communication, have improperly obtained information.

23  Defendants have knowingly, and with the intent to defraud, accessed Plaintiff's protected

24  computer without authorization, or in excess of authorized access, and by means of such

25  conduct have furthered their intended fraud and obtained proprietary business

26  information and property of Plaintiff.

27      23.    Defendants have intentionally accessed Plaintiff's protected computer

28  without authorization, accessing Plaintiff's email accounts, and intercepting and deleting

Case No.                           4           **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1  Plaintiff's emails. By doing so, Defendants have caused a loss to Plaintiff, including but
2  not limited to the costs of responding to the theft, investigating and initiating a criminal
3  action, finding a new host for Plaintiff's websites and moving such sites to the associated
4  servers, responding to the interruption in business services, and related consequential
5  damages incurred by the theft of the DOMAIN, aggregating at least $5,000 in value in a
6  one year period.

7      24.    As a direct and proximate result of the actions, conduct, and practices of
8  Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
9  and irreparable harm.

10                                    **SECOND CLAIM**

11              *Action to Quiet Title Under California CCP 760.010 et. seq.*

12                  **(As to Hydes, Dynadot, the DOMAIN, and Does 1-10)**

13     25.    Plaintiff repeats, realleges, and incorporates each and every allegation set
14  forth in paragraphs 1 through 18 of this Complaint.

15     26.    Plaintiff is the rightful owner of DOMAIN and has been since March 6,
16  2002. However, Defendants currently claim an interest therein, which is without right.

17     27.    Due to Defendants' actions as alleged in paragraphs 1-18 above, Plaintiff
18  has lost control over its property. As a direct and proximate result of Defendants' actions,
19  including Defendants' detention of Plaintiff's property, Plaintiff has suffered, and will
20  continue to suffer, damages and irreparable harm.

21     28.    Plaintiff seeks a judgment that it is the rightful owner of the DOMAIN, and
22  also seeks damages for Defendants' detention of the DOMAIN.

23                                     **THIRD CLAIM**

24                                      *Conversion*

25              **(As to Riven, Hydes, Dynadot, Escrow.Com and Does 1-10)**

26     29.    Plaintiff repeats, realleges, and incorporates each and every allegation set
27  forth in paragraphs 1 through 18 of this Complaint.

28     30.    Plaintiff was a prior registrant of the DOMAIN and has the right to possess

Case No.                              5          **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1   the DOMAIN.

2       31.    Since in or around August, 2006, Defendants have had control over the

3   DOMAIN, including the ability to return the DOMAIN to Plaintiff.

4       32.    Since in or around August, 2006, Defendants have known that the DOMAIN

5   was wrongfully transferred from Plaintiffs' account.

6       33.    Despite Plaintiff's demands that Defendants return the DOMAIN, despite

7   Defendants' knowledge of the wrongful transfer, and despite Defendant's ability to return

8   the DOMAIN to Plaintiffs, Defendants have refused to do so, interfering with Plaintiff's

9   possession of the DOMAIN.

10      34.    As a consequence, Plaintiff has suffered and continues to suffer damages.

**FOURTH CLAIM**

*Civil Violation of Cal. Penal Code § 496*

**(As to Riven, Hydes, Dynadot, and Does 1-10)**

14      35.    Plaintiff repeats, realleges, and incorporates each and every allegation set

15   forth in paragraphs 1 through 18 of this Complaint.

16      36.    The DOMAIN constitutes personal property which Defendants have stolen

17   and/or received, concealed, sold, purchased, or withheld, knowing the DOMAIN to be

18   obtained in a manner constituting theft.

19      37.    The DOMAIN constitutes personal property which Defendants have aided

20   or abetted in concealing, selling, or withholding, knowing the DOMAIN to be obtained in a

21   manner constituting theft.

22      38.    As a direct and proximate result of the actions, conduct, and practices of

23   Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages

24   and irreparable harm.

25      39.    Plaintiff has no adequate remedy at law.

**FIFTH CLAIM**

*Identity Theft Pursuant to Cal. Civ. Code § 1798.93*

**(As to Riven, Hydes, Dynadot, Escrow.Com, and Does 1-10)**

Case No.                                    6          **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    40.    Plaintiff repeats, realleges, and incorporates each and every allegation set
2    forth in paragraphs 1 through 18 of this Complaint.

3    41.    Defendants willfully obtained Plaintiff's personal identifying information, and
4    used that information for the unlawful purpose of stealing and transferring the DOMAIN.

5    42.    Accordingly, Plaintiff is a victim of identity theft pursuant to Cal. Penal Code
6    § 530.5.

7    43.    As a direct and proximate result of the actions, conduct, and practices of
8    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
9    and irreparable harm.

10    44.    Plaintiff has no adequate remedy at law.

11                                **SIXTH CLAIM**

12                                *Negligence*

13                    **(As to Dynadot, Escrow.com, and Does 1-10)**

14    45.    Plaintiff repeats, realleges, and incorporates each and every allegation set
15    forth in paragraphs 1 through 18 of this Complaint.

16    46.    Defendants, once informed of the fraudulent transfer of the DOMAIN, had a
17    duty to Plaintiff to halt the "sale" and to transfer the DOMAIN back to Plaintiff.

18    47.    In breach of that duty, Defendants did not halt the "sale", despite adequate
19    time to do so. Moreover, in further breach of their duty, Defendants have yet to transfer
20    the DOMAIN back to Plaintiff.

21    48.    As a direct and proximate result of the actions, conduct, and practices of
22    Defendants alleged above, Plaintiff has suffered, and will continue to suffer, damages
23    and irreparable harm.

24    49.    Plaintiff has no adequate remedy at law.

25                                **SEVENTH CLAIM**

26    *Computer Fraud Under the Comprehensive Computer Data and Access Act,*

27                    *California Penal Code Section 502(c)*

28                    **(As to Riven, Hydes, and Does 1-10)**

Case No.                                        7        **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    50.    Plaintiff repeats, realleges, and incorporates each and every allegation set

2    forth in paragraphs 1 through 18 of this Complaint.

3    51.    Defendants knowingly accessed and without permission used the

4    computer, computer systems, or computer networks of Plaintiff with the intent of

5    executing a scheme or artifice to defraud, deceive, or extort, or to wrongfully control or

6    obtain money, property or data of Plaintiff.

7    52.    Defendants knowingly accessed and without permission took or copied or

8    made use of the data from Plaintiff's computer, computer systems, or computer networks.

9    53.    Defendants knowingly and without permission accessed, caused to be

10    accessed, or provided or assisted in providing a means of accessing, Plaintiff's computer,

11    computer system, or computer network in violation of California Penal Code §502(c).

12    54.    As a direct and proximate result of the actions, conduct, and practices of

13    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages

14    and irreparable harm.

15    55.    Plaintiff has no adequate remedy at law.

16

17    **EIGHTH CLAIM**

18    *Trespass to Chattels*

19    **(As to Riven, Hydes, Dynadot, Escrow.com, and Does 1-10)**

20    56.    Plaintiff repeats, realleges, and incorporates each and every allegation set

21    forth in paragraphs 1 through 18 of this Complaint.

22    57.    Defendants intentionally and without authorization, or by exceeding the

23    scope of authorization, interfered with Plaintiff's possession or possessory interest in its

24    computer system and DOMAIN.

25    58.    As a direct and proximate result of the actions, conduct, and practices of

26    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages

27    and irreparable harm.

28    59.    Plaintiff has no adequate remedy at law.

Case No.                                    8                COMPLAINT OF MAINSTREAM MEDIA, EC

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1

**NINTH CLAIM**

2

*Unfair Competition*

3

**(As to Riven, Hydes, Dynadot, Escrow.com, and Does 1-10)**

4    60.    Plaintiff repeats, realleges, and incorporates each and every allegation set

5    forth in paragraphs 1 through 59 of this Complaint.

6    61.    Defendants' actions, as more fully detailed above, are unlawful, – and

7    therefore constitute unfair competition as defined in Cal. Bus. and Prof. Code § 17200.

8    Specifically, and without limitation:

9         a.    As alleged in Plaintiff's First Claim, Defendants have violated the

10    Computer Fraud and Abuse Act, 18 USC §1830;

11        b.    As alleged in Plaintiff's Third Claim, Defendants have stolen

12    Plaintiff's property;

13        c.    As alleged in Plaintiff's Fifth Claim, Defendants assumed Plaintiff's

14    identity and then stole the DOMAIN, both in violation of civil laws and Cal. Penal Code §

15    530.5.

16        d.    As alleged in Plaintiff's Fourth and Seventh Claims, Defendants have

17    violated Cal. Penal Code §§ 496 and §502(c), respectively.

18    62.    As a direct and proximate result of the actions, conduct, and practices of

19    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages

20    and irreparable harm.

21    63.    Such actions, unless enjoined, will cause Plaintiff further and irreparable

22    harm.

23

**PRAYER**

24    **WHEREFORE**, Plaintiff prays this Court enter judgment in its favor on the claims

25    set forth above, and further prays an award to Plaintiff of:

26    1. A preliminary and permanent injunction and judgment ordering Dynadot, or the

27       current domain registrar if it is not Dynadot, to transfer the DOMAIN to Plaintiff;

28

Case No.                                          9                **COMPLAINT OF MAINSTREAM MEDIA, EC**

1    2. An award of compensatory and/or statutory damages in an amount to be

2        determined at trial;

3    3. Plaintiff's costs and attorneys fees in this action;

4    4. Treble damages pursuant to Cal. Penal Code § 496;

5    5. Pre-judgment and post-judgment interest, and

6    6. Such further relief to which Plaintiffs may be entitled as a matter of law or equity,

7        or which the Court determines to be just and proper.

8

9    DATED: July 29, 2008                KRONENBERGER BURGOYNE, LLP

10

11                                       By:

12                                          Karl S. Kronenberger
                                            Attorneys for Plaintiff
13                                          MAINSTREAM MEDIA, EC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                          10        COMPLAINT OF MAINSTREAM MEDIA, EC

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1

**DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial of this action by jury.

3

4    DATED:  July 29, 2008                              KRONENBERGER BURGOYNE, LLP

5

6                                                      By: 

7                                                      Karl S. Kronenberger
                                                       Attorneys for Plaintiff
8                                                      MAINSTREAM MEDIA, EC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No.                                    11          **COMPLAINT OF MAINSTREAM MEDIA, EC**

℀ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MAINSTREAM MEDIA EC, a Bahrain (Non-Resident) Exempt Closed Joint Stock Company

## DEFENDANTS

PETER RIVEN; ALEXANDER HYDES; DYNADOT LLC; ESCROW.COM, INC.; FM.NET; DOES 1-10

**(b)** County of Residence of First Listed Plaintiff Bahrain
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Karl S. Kronenberger
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108        (415) 955-1155

Attorneys (If Known)

08-3623 PJH

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury -- | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | | | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☒ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 1030 et seq
Brief description of cause:
Computer Fraud and Abuse

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
July 29, 2008

SIGNATURE OF ATTORNEY OF RECORD

BY FAX

1

**KRONENBERGER BURGOYNE, LLP**

2   Karl S. Kronenberger (Bar No. 226112)
    Deepa Krishnan (Bar No. 228664)

3   150 Post Street, Suite 520
    San Francisco, CA 94108

4   Telephone:  (415) 955-1155
    Facsimile:  (415) 955-1158

5   karl@kronenbergerlaw.com

6   deepa@kronenbergerlaw.com

7   Attorneys for Plaintiffs
    MAINSTREAM MEDIA, EC,

8   a Bahrain (Non-Resident) Exempt Closed Joint Stock Company

9                   **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11

12  **MAINSTREAM MEDIA, EC**, a Bahrain          Case No.
    (Non-Resident) Exempt Closed Joint Stock

13  Company,
                                                 **PLAINTIFF MAINSTREAM MEDIA,**
14            Plaintiffs,                        **EC'S COMPLAINT FOR:**

15       vs.                                     **(1) Violation of the Federal**
                                                     **Computer Fraud and Abuse Act;**
16                                               **(2) Action to Quiet Title;**
    **PETER RIVEN**, an individual;             **(3) Conversion;**
17  **ALEXANDER HYDES,** an individual;         **(4) Civil Violation of California Penal**
    **DYNADOT LLC**, a California corporation;      **Code Section 496;**
18  **ESCROW.COM, INC.**, a California          **(5) Identity Theft;**
    corporation;                                **(6) Negligence;**
19  **FM.NET**, an Internet Domain name; and    **(7) Computer Fraud Under California**
20  **DOES 1- 10**,                                **Penal Code Section 502(c)**
                                                 **(8) Trespass to Chattels; and**
21            Defendants.                        **(9) Unfair Competition**

22
                                                 **AND**
23
                                                 **DEMAND FOR JURY TRIAL**
24

25

26                                               

27

28

    Case No.                                     **COMPLAINT OF MAINSTREAM MEDIA, EC**

1    Plaintiff MAINSTREAM MEDIA, EC ("Mainstream" or "Plaintiff"), a Bahrain (Non-

2  Resident) Exempt Closed Joint Stock Company, brings this Complaint against

3  Defendants PETER RIVEN ("Riven"), an individual allegedly residing in Brisbane,

4  Australia, ALEXANDER HYDES ("Hydes"), an individual allegedly residing in London,

5  United Kingdom, DYNADOT LLC ("Dynadot"), a California LLC with its principal place of

6  business in San Mateo, California, ESCROW.COM, INC. ("Escrow.com"), a California

7  corporation with its principal place of business in Irvine, California, FM.NET, an Internet

8  domain name located in this District (the "DOMAIN"), and DOES 1 – 10 (collectively,

9  "Defendants") and alleges as follows:

10    **DEFENDANTS' THEFT OF THE DOMAIN**

11    1.    This is an action for the recovery of a stolen DOMAIN, valued at well over

12  $100,000.    The Australian police have convicted an individual in connection with the

13  theft of the DOMAIN.

14    2.    Plaintiff is an online news service consisting of a network of several

15  hundred stand-alone news sites. It also provides website development and maintenance

16  services.

17    3.    Plaintiff is the rightful owner of the DOMAIN. Up until Defendants stole the

18  DOMAIN, Plaintiff used the DOMAIN to point to the domain name server (DNS) for

19  approximately one thousand (1000) of Plaintiff's websites.    Additionally, all Plaintiff's

20  domain names and websites that are used for administrative purposes utilized the

21  DOMAIN as a DNS, and such utilization of the DOMAIN was essential to the Plaintiff's

22  business operations. The DOMAIN was registered with the domain name registrar, Bulk

23  Register.com, and the DOMAIN is an integral and valuable component of Plaintiff's

24  business.

25    4.    In or around July, 2006, without Plaintiff's knowledge, Defendants hacked

26  into Plaintiff's computer system in order to unlawfully transfer the DOMAIN to Defendant

27  Riven. As part of this unlawful transfer, Defendants registered the DOMAIN with the

28  domain registrar, Dynadot.    Riven entered into a contract with Dynadot, a California

Case No.                                    1                    **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   corporation. Upon information and belief, that contract has a forum selection clause in
2   this District.

3       5.      In or around August, 2006, employing the services of Defendant
4   Escrow.com, Riven transferred the DOMAIN to Defendant Hydes for an unreasonably
5   low sale price, well below fair market value. The DOMAIN's registration remains with
6   Dynadot. Upon information and belief, Hydes entered into a contract with Dynadot which
7   has a forum selection clause in this District.

8       6.      Prior to initiating this lawsuit, Plaintiff attempted to regain its DOMAIN
9   without litigation. For example, it promptly and timely contacted Escrow.com to demand
10  that it put a stop on the payment from Hydes to Riven. It likewise promptly and timely
11  contacted Dynadot to, at the very least, lock the DOMAIN, and prevent its transfer. These
12  attempts were unavailing.

13      7.      Additionally, Plaintiff promptly alerted the New South Wales, Australia
14  police, regarding the unlawful transfer and theft. Accordingly, upon information and
15  belief, this matter was investigated by their Fraud Department, and an individual has
16  been convicted.

17      8.      Plaintiff now brings this civil action, to recover its rightful property, and to
18  collect damages from Defendants who have unlawfully taken and withheld the property
19  from Plaintiff.

20      9.      This Complaint shall be amended to substitute names of individuals or
21  business entities for "Does" in due course, upon the identification of additional
22  defendants through discovery.

23      10.     Whenever in this Complaint reference is made to the acts of Riven, Hydes,
24  Dynadot, Escrow.Com, the DOMAIN, or Does 1-10, that allegation shall refer collectively
25  to all Defendants who, upon information and belief, are co-conspirators and/or are
26  engaged in an express or implied principal/agent relationship whereby individual
27  defendants operated under actual or ostensible authority to perform the acts so alleged,
28  and/or whereby individual defendants authorized, aided, abetted, furnished the means to,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No.                                    2              **COMPLAINT OF MAINSTREAM MEDIA, EC**

1  advised, or encouraged the acts of the other individual defendants.

2  **JURISDICTION AND VENUE**

3  11.    Original federal question subject matter jurisdiction is conferred upon this
4  Court by the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*.  Diversity
5  jurisdiction is also conferred upon this Court vis-à-vis Defendants Escrow.com and
6  Dynadot pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds
7  $75,000 exclusive of interest and costs, and because the action is between a citizen of a
8  foreign state and citizens of a State.

9  12.    Supplemental jurisdiction over claims arising under the law of the State of
10  California is conferred upon this Court under 28 U.S.C. §1367.

11  13.    Plaintiff is a Non-Resident Bahrain Exempt Closed Joint Stock Company.

12  14.    This Court has personal jurisdiction over Riven and Hydes because they
13  have purposefully availed themselves of the privilege of conducting activities in this
14  forum, and Plaintiff's claims are directly related to and/or arise out of their forum related
15  activities.  Specifically, and without limitation, Riven and Hydes, upon information and
16  belief, have entered into contracts with a California entity which has a forum-selection
17  clause in this State.  Morever, Riven and Hydes purport to hold, or have held, property in
18  this State, and Plaintiff's claims arise directly out of such contacts.

19  15.    This Court has personal jurisdiction over Dynadot and Escrow.com as they
20  are both California corporations, incorporated and transacting business in this State.

21  16.    This action is also an *in rem* matter pursuant to Cal. Code of Civil
22  Procedure § 760.010 *et seq.*.  The Court accordingly has *in rem* personal jurisdiction
23  over the DOMAIN as it is located in this State, as the Domain Name Registry, VeriSign,
24  Inc. for all ".net" domains is located in this State.  *See Office Depot, Inc. v. Zuccarini,*
25  Case No. 06-80356, slip. op., 2007 WL 2688460, *4 (N.D. Cal. Sept. 10, 2007).

26  17.    Venue is proper in the Northern District of California pursuant to 28 U.S.C
27  §1391(b)(2) because this action is not founded solely on diversity, a substantial part of
28  the events or omissions giving rise to the claim occurred here, and a substantial part of

Case No.                                    3          **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1  property that is the subject of the action, i.e., the DOMAIN, is situated in this District. *See*
2  *also*, Cal. Code of Civ. Proc. § 760.050(b). Venue is further proper in the Northern
3  District of California pursuant to 28 U.S.C §1391(b)(3) because this action is not founded
4  solely on diversity, all Defendants can be found in this District, and presently there is no
5  other District where this action may be brought.

6  **INTRADISTRICT ASSIGNMENT**

7  18.   For the purposes of Local Rule 3-2(c), this action arises in San Francisco
8  County, as the property at issue, the DOMAIN, resides here. *See Office Depot, Inc. v.*
9  *Zuccarini,* Case No. 06-80356, slip. op., 2007 WL 2688460, *4 (N.D. Cal. Sept. 10,
10 2007).

11 **FIRST CLAIM**

12 *Violation of The Computer Fraud and Abuse Act, 18 USC §1030*
13 **(As to Riven, Hydes, and Does 1-10)**

14 19.   Plaintiff repeats, realleges, and incorporates each and every allegation set
15 forth in paragraphs 1 through 18 of this Complaint.

16 20.   Defendants have stolen Plaintiff's DOMAIN, through the inappropriate and
17 intentional access of Plaintiff's web server.

18 21.   Plaintiff's web server is used in interstate commerce and/or interstate
19 communication and constitutes a protected computer under 18 U.S.C. §1030.

20 22.   Defendants have intentionally accessed Plaintiff's protected computer
21 without authorization, or in excess of the scope of authorized access, and by doing so
22 and through interstate communication, have improperly obtained information.
23 Defendants have knowingly, and with the intent to defraud, accessed Plaintiff's protected
24 computer without authorization, or in excess of authorized access, and by means of such
25 conduct have furthered their intended fraud and obtained proprietary business
26 information and property of Plaintiff.

27 23.   Defendants have intentionally accessed Plaintiff's protected computer
28 without authorization, accessing Plaintiff's email accounts, and intercepting and deleting

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1  Plaintiff's emails.  By doing so, Defendants have caused a loss to Plaintiff, including but
2  not limited to the costs of responding to the theft, investigating and initiating a criminal
3  action, finding a new host for Plaintiff's websites and moving such sites to the associated
4  servers, responding to the interruption in business services, and related consequential
5  damages incurred by the theft of the DOMAIN, aggregating at least $5,000 in value in a
6  one year period.

7      24.    As a direct and proximate result of the actions, conduct, and practices of
8  Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
9  and irreparable harm.

10  <center>**SECOND CLAIM**</center>

11  <center>*Action to Quiet Title Under California CCP 760.010 et. seq.*</center>

12  <center>**(As to Hydes, Dynadot, the DOMAIN, and Does 1-10)**</center>

13      25.    Plaintiff repeats, realleges, and incorporates each and every allegation set
14  forth in paragraphs 1 through 18 of this Complaint.

15      26.    Plaintiff is the rightful owner of DOMAIN and has been since March 6,
16  2002.  However, Defendants currently claim an interest therein, which is without right.

17      27.    Due to Defendants' actions as alleged in paragraphs 1-18 above, Plaintiff
18  has lost control over its property.  As a direct and proximate result of Defendants' actions,
19  including Defendants' detention of Plaintiff's property, Plaintiff has suffered, and will
20  continue to suffer, damages and irreparable harm.

21      28.    Plaintiff seeks a judgment that it is the rightful owner of the DOMAIN, and
22  also seeks damages for Defendants' detention of the DOMAIN.

23  <center>**THIRD CLAIM**</center>

24  <center>*Conversion*</center>

25  <center>**(As to Riven, Hydes, Dynadot, Escrow.Com and Does 1-10)**</center>

26      29.    Plaintiff repeats, realleges, and incorporates each and every allegation set
27  forth in paragraphs 1 through 18 of this Complaint.

28      30.    Plaintiff was a prior registrant of the DOMAIN and has the right to possess

Case No.                            5           **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1 | the DOMAIN.

2 | 31.    Since in or around August, 2006, Defendants have had control over the
3 | DOMAIN, including the ability to return the DOMAIN to Plaintiff.

4 | 32.    Since in or around August, 2006, Defendants have known that the DOMAIN
5 | was wrongfully transferred from Plaintiffs' account.

6 | 33.    Despite Plaintiff's demands that Defendants return the DOMAIN, despite
7 | Defendants' knowledge of the wrongful transfer, and despite Defendant's ability to return
8 | the DOMAIN to Plaintiffs, Defendants have refused to do so, interfering with Plaintiff's
9 | possession of the DOMAIN.

10 | 34.    As a consequence, Plaintiff has suffered and continues to suffer damages.

11 | **FOURTH CLAIM**

12 | *Civil Violation of Cal. Penal Code § 496*

13 | **(As to Riven, Hydes, Dynadot, and Does 1-10)**

14 | 35.    Plaintiff repeats, realleges, and incorporates each and every allegation set
15 | forth in paragraphs 1 through 18 of this Complaint.

16 | 36.    The DOMAIN constitutes personal property which Defendants have stolen
17 | and/or received, concealed, sold, purchased, or withheld, knowing the DOMAIN to be
18 | obtained in a manner constituting theft.

19 | 37.    The DOMAIN constitutes personal property which Defendants have aided
20 | or abetted in concealing, selling, or withholding, knowing the DOMAIN to be obtained in a
21 | manner constituting theft.

22 | 38.    As a direct and proximate result of the actions, conduct, and practices of
23 | Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
24 | and irreparable harm.

25 | 39.    Plaintiff has no adequate remedy at law.

26 | **FIFTH CLAIM**

27 | *Identity Theft Pursuant to Cal. Civ. Code § 1798.93*

28 | **(As to Riven, Hydes, Dynadot, Escrow.Com, and Does 1-10)**

Case No.                                              6                          **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.Kronenbergerlaw.com

1     40.    Plaintiff repeats, realleges, and incorporates each and every allegation set
2    forth in paragraphs 1 through 18 of this Complaint.

3     41.    Defendants willfully obtained Plaintiff's personal identifying information, and
4    used that information for the unlawful purpose of stealing and transferring the DOMAIN.

5     42.    Accordingly, Plaintiff is a victim of identity theft pursuant to Cal. Penal Code
6    § 530.5.

7     43.    As a direct and proximate result of the actions, conduct, and practices of
8    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
9    and irreparable harm.

10    44.    Plaintiff has no adequate remedy at law.

11                       **SIXTH CLAIM**

12                        *Negligence*

13           **(As to Dynadot, Escrow.com, and Does 1-10)**

14    45.    Plaintiff repeats, realleges, and incorporates each and every allegation set
15    forth in paragraphs 1 through 18 of this Complaint.

16    46.    Defendants, once informed of the fraudulent transfer of the DOMAIN, had a
17    duty to Plaintiff to halt the "sale" and to transfer the DOMAIN back to Plaintiff.

18    47.    In breach of that duty, Defendants did not halt the "sale", despite adequate
19    time to do so. Moreover, in further breach of their duty, Defendants have yet to transfer
20    the DOMAIN back to Plaintiff.

21    48.    As a direct and proximate result of the actions, conduct, and practices of
22    Defendants alleged above, Plaintiff has suffered, and will continue to suffer, damages
23    and irreparable harm.

24    49.    Plaintiff has no adequate remedy at law.

25                       **SEVENTH CLAIM**

26    ***Computer Fraud Under the Comprehensive Computer Data and Access Act,***

27            ***California Penal Code Section 502(c)***

28            **(As to Riven, Hydes, and Does 1-10)**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No.                    7          **COMPLAINT OF MAINSTREAM MEDIA, EC**

1    50.    Plaintiff repeats, realleges, and incorporates each and every allegation set
2    forth in paragraphs 1 through 18 of this Complaint.

3    51.    Defendants knowingly accessed and without permission used the
4    computer, computer systems, or computer networks of Plaintiff with the intent of
5    executing a scheme or artifice to defraud, deceive, or extort, or to wrongfully control or
6    obtain money, property or data of Plaintiff.

7    52.    Defendants knowingly accessed and without permission took or copied or
8    made use of the data from Plaintiff's computer, computer systems, or computer networks.

9    53.    Defendants knowingly and without permission accessed, caused to be
10    accessed, or provided or assisted in providing a means of accessing, Plaintiff's computer,
11    computer system, or computer network in violation of California Penal Code §502(c).

12    54.    As a direct and proximate result of the actions, conduct, and practices of
13    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
14    and irreparable harm.

15    55.    Plaintiff has no adequate remedy at law.

16
17                                  **EIGHTH CLAIM**

18                                *Trespass to Chattels*

19            **(As to Riven, Hydes, Dynadot, Escrow.com, and Does 1-10)**

20    56.    Plaintiff repeats, realleges, and incorporates each and every allegation set
21    forth in paragraphs 1 through 18 of this Complaint.

22    57.    Defendants intentionally and without authorization, or by exceeding the
23    scope of authorization, interfered with Plaintiff's possession or possessory interest in its
24    computer system and DOMAIN.

25    58.    As a direct and proximate result of the actions, conduct, and practices of
26    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages
27    and irreparable harm.

28    59.    Plaintiff has no adequate remedy at law.

Case No.                                    8            **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    **NINTH CLAIM**

2    *Unfair Competition*

3    **(As to Riven, Hydes, Dynadot, Escrow.com, and Does 1-10)**

4    60.    Plaintiff repeats, realleges, and incorporates each and every allegation set

5    forth in paragraphs 1 through 59 of this Complaint.

6    61.    Defendants' actions, as more fully detailed above, are unlawful, – and

7    therefore constitute unfair competition as defined in Cal. Bus. and Prof. Code § 17200.

8    Specifically, and without limitation:

9    a.    As alleged in Plaintiff's First Claim, Defendants have violated the

10    Computer Fraud and Abuse Act, 18 USC §1830;

11    b.    As alleged in Plaintiff's Third Claim, Defendants have stolen

12    Plaintiff's property;

13    c.    As alleged in Plaintiff's Fifth Claim, Defendants assumed Plaintiff's

14    identity and then stole the DOMAIN, both in violation of civil laws and Cal. Penal Code §

15    530.5.

16    d.    As alleged in Plaintiff's Fourth and Seventh Claims, Defendants have

17    violated Cal. Penal Code §§ 496 and §502(c), respectively.

18    62.    As a direct and proximate result of the actions, conduct, and practices of

19    Defendants' alleged above, Plaintiff has suffered, and will continue to suffer, damages

20    and irreparable harm.

21    63.    Such actions, unless enjoined, will cause Plaintiff further and irreparable

22    harm.

23    **PRAYER**

24    **WHEREFORE**, Plaintiff prays this Court enter judgment in its favor on the claims

25    set forth above, and further prays an award to Plaintiff of:

26    1.  A preliminary and permanent injunction and judgment ordering Dynadot, or the

27    current domain registrar if it is not Dynadot, to transfer the DOMAIN to Plaintiff;

28

Case No.                                    9                **COMPLAINT OF MAINSTREAM MEDIA, EC**

1  2. An award of compensatory and/or statutory damages in an amount to be

2     determined at trial;

3  3. Plaintiff's costs and attorneys fees in this action;

4  4. Treble damages pursuant to Cal. Penal Code § 496;

5  5. Pre-judgment and post-judgment interest, and

6  6. Such further relief to which Plaintiffs may be entitled as a matter of law or equity,

7     or which the Court determines to be just and proper.

8

9  DATED: July 29, 2008                    KRONENBERGER BURGOYNE, LLP

10

11                                          By: 

12                                          Karl S. Kronenberger
                                            Attorneys for Plaintiff
13                                          MAINSTREAM MEDIA, EC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No.                          10          COMPLAINT OF MAINSTREAM MEDIA, EC

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby demands a trial of this action by jury.

3

4    DATED:  July 29, 2008                    KRONENBERGER BURGOYNE, LLP

5

6                                              By:

7                                              Karl S. Kronenberger
                                               Attorneys for Plaintiff
8                                              MAINSTREAM MEDIA, EC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.                          11        **COMPLAINT OF MAINSTREAM MEDIA, EC**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com